CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

DAVID J. WARD (CABN 239504)
EVAN MATEER (CABN 326848)
Assistant United States Attorney

1301 Clay Street, Suite 340S
Oakland, California 94612
Telephone: (510) 637-3680
FAX: (510) 637-3724
david.ward@usdoj.gov
evan.mateer@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JASBIR THANDI,<br><br>Defendant. | No. 23-CR-00428 JST<br><br>**MOTION TO VACATE SENTENCING DATE AND SET STATUS HEARING** |

I. INTRODUCTION

Defendant Jasbir Thandi is scheduled to be sentenced by the Court on November 6, 2026 at 9:30 a.m. *Dkt 244*. On October 6, 2026, counsel for Thandi disclosed to the government for the first time, that he had retained a psychological expert to evaluate Thandi's competency, and that the expert has concluded that Thandi is not competent now, nor was he competent when he entered his guilty in this case in July 2025. Thandi did not disclose the actual expert report to the government until six days later, on October 12, 2026. He has not provided any underlying medical records.

Thandi asks the government to stipulate to vacating the sentencing date, and to stipulate to a

competency hearing. Given the limited information disclosed to the government, and the lateness of the disclosures, the government cannot stipulate to a request for a competency hearing. However, given that the expert report raises issues of competency that cannot be resolved between now and November 6, 2026, the government joins with defendant Thandi in asking the Court to vacate the sentencing hearing. The government further moves the Court to set a status hearing on October 30, 2026 or a date convenient to the Court, to address the competency issues defendant Thandi is now raising and to set an expedited schedule for briefing.

II. <u>Procedural Background & Timeline</u>

On October 6, 2026, counsel for Thandi informed the government for the first time that he had hired a psychological expert, Elliot Atkins Ed.D, to conduct a competency examination of defendant Thandi. Counsel stated that this expert has concluded, based on his interview with Thandi, his family members, and his review of medical records, that Thandi is not competent to proceed to sentencing. Further, the expert has concluded that Thandi was also not competent when he entered his guilty plea in this case in July 18, 2025. At the time, Thandi was represented by now-prior counsel. Current counsel was admitted *Pro Hac Vice* on January 13, 2026. *Dkt. 175.* Former counsel filed a motion to withdraw as counsel on January 14, 2026. *Dkt. 179.*

That report, which is dated October 1, 2026, stated that the psychologist had been retained to provide an opinion on two issues; whether Thandi was competent to enter his guilty plea, and whether he was competent to assist at sentencing. *Id.* The report concluded Thandi was not competent now, nor was he competent when he signed his plea agreement and entered his guilty plea on July 18, 2025. *Id.* The report states that the psychologist interviewed defendant Thandi on July 10, 2026 and again on July 21, 2026. *Id.*

Government counsel was never informed that Thandi was undergoing a competency evaluation. Counsel for Thandi disclosed the expert report on October 12, 2026, one day before Thandi was required, per the terms of his plea agreement, to make a restitution payment of $7,550,807. *Dkt. 129.* Prior to that date, defendant Thandi had given no indication that he did not intend to make his required restitution payment. To the contrary, three weeks ago defendant Thandi stipulated to a request to the

Court to order the Clerk to accept these restitution funds.

In his October 6, 2026 email, counsel for Thandi stated to the government that he would provide the government with his expert's report when he received it, which he said would likely be that day. *Id.* Six days later, on October 12, 2026, counsel provided the government with a written opinion from an Elliot L. Atkins Ed.D, a psychologist retained by defendant Thandi to conduct a competency evaluation. To date, counsel for Thandi has not provided the government with any of the supporting medical records relied on in his expert's report.

On October 2, 2026, U.S. Probation disclosed to the parties the draft Presentence Investigation Report for Thandi. The draft PSR includes a short section on Thandi's health, but makes no mention of any cognitive issues, nor does it disclose that Thandi was undergoing a competency evaluation. The draft PSR states that Probation has interviewed Thandi, but has not received medical records from the defense or a list of his current medications and his present medical concerns. *Id.* This despite the fact that Thandi has voluminous medical records he has provided to his psychological expert.

Further, defendant Thandi has failed to make the required disclosures regarding his finances. The draft PSR states that the Probation Officer is still awaiting a completed financial packet from the defendant. This despite the fact that former counsel for Thandi disclosed extensive details of Thandi's finances to the government during plea negotiations as the parties were seeking agreement on an amount Thandi could pay in restitution prior to sentencing.

## III. ARGUMENT

Thandi should have disclosed his expert report—or at least the existence of the evaluation—months ago. This would have given the government ample time to retain its own expert, to review the medical records, and determine whether to oppose a motion for a competency hearing. Instead, counsel waited until 30 days before sentencing to first alert the government. Thandi appears to have provided no information to U.S. Probation. By waiting, Thandi delays sentencing, and delays payment of over $7.5 million in restitution. By further refusing to date to provide medical or financial information to U.S. Probation, he hinders the ability of the Court and the government to timely reach informed sentencing decisions.

The government asks that this case be set for a status conference on October 30, 2026, or the soonest date thereafter convenient for the Court. At the status hearing, the government respectfully asks the Court to set a briefing schedule on defendant's competency motion. At that hearing, the government will advise the Court on its efforts to retain its own competency expert. The government further asks the Court to order Thandi to provide a full disclosure of his relevant medical records to the government and U.S. Probation. And the government further asks the Court to order Thandi to provide U.S. Probation with a completed financial package listing all assets, liabilities and monthly expenses within two weeks of the hearing. Finally, the government asks the Court to set the same deadline for Thandi to provide to the government a financial statement in which he identifies "all assets and financial interests valued at more than $1,000," including "all assets and financial interests in which I have an interest, direct or indirect, whether held in my own name or in the name of another, in any property, real or personal," all of which he is required to do under the terms of his plea agreement. *See Dkt. 129.*

DATED: October 16, 2026

/s/ *David Ward*
DAVID WARD
EVAN MATEER
Assistant United States Attorneys

**[PROPOSED] ORDER**

Based upon the facts set forth in the stipulation of the parties, and for good cause shown, the Court hereby vacates the sentencing hearing set for November 6, 2026, and orders the parties to appear before the Court on October 30, 2026 for a status hearing.

**IT IS SO ORDERED**.

HON. JON S. TIGAR
United States District Judge