Joshua Sabert Lowther, Esq.
Ga. Bar # 460398
Admitted *Pro Hac Vice*
Lowther | Walker LLC
101 Marietta St., NW, Ste. 3650
Atlanta, GA 30303
404.496.4052
jlowther@lowtherwalker.com
www.lowtherwalker.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JASBIR S. THANDI, *ET AL.*,<br><br>Defendants. | 4:23-CR-00428-JST-1<br><br>**RESPONSE TO MOTION TO VACATE SENTENCING DATE AND SET STATUS HEARING**<br><br>Judge: Honorable Jon S. Tigar |

Mr. JASBIR S. THANDI responds to the Government's Motion to Vacate Sentencing Date and Set Status Hearing (ECF No. 255) as follows:

**I. Introduction**

The Government moves this Court to vacate the sentencing date, and to set a status hearing for October 30, 2026, or for the soonest, next-available date. Mot. to Vacate Sent'g Date and Set Status Hr'g 2, 4, ECF No. 255. The Government also requests that this Court set an expedited briefing schedule regarding the issue of Mr. Thandi's competency; and order that Mr. Thandi disclose his medical records to the Government and to the United States Probation Office, provide a completed financial package to the United States Probation Officer, and provide a financial statement to the Government. *Id.*

Mr. Thandi joins the Government's motion to vacate the sentencing date; does not oppose its motion to set a status hearing, but submits that such hearing is unnecessary; does not oppose its request for this Court to set an expedited briefing schedule regarding this issue of Mr. Thandi's competency; does not oppose its request for disclosure of medical records to it and the United States Probation Office;

but opposes its request that this Court order any further proceedings unrelated to the issue of competency until this Court resolves that issue.

The Government appears skeptical of Dr. Elliot Atkins' opinion that Mr. Thandi is incompetent to proceed to sentencing, and that he was incompetent to enter a plea of guilty in this case. The Government also implies that Mr. Thandi's raising this issue now is dilatory—Mr. Thandi disagrees.

**II. Argument and Citation of Authority**

> At any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant, . . . the defendant . . . may file a motion for a hearing to determine the mental capacity of the defendant. The court shall grant the motion, or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

18 U.S.C. § 4241(a).

Mr. Thandi's attorney of record advised the Government on May 7, 2026, that Mr. Thandi intended to present evidence in mitigation at sentencing from his primary-care physician regarding Mr. Thandi's poor physical health; from a psychologist regarding Mr. Thandi's poor mental health; and depending on the results of those physical and mental health evaluations, possibly from a retired Federal Bureau of Prisons warden regarding the BOP's inability to care for Mr. Thandi and to treat his physical and mental conditions adequately.

Mr. Thandi retained Dr. Atkins to conduct the aforementioned psychological evaluation for the aforementioned purpose. However, after Mr. Thandi's attorney of record and Dr. Atkins discussed the former's observations and interactions with Mr. Thandi, they agreed that Dr. Atkins would conduct a more thorough competency evaluation, which would indicate either that Mr. Thandi is incompetent and state the reasons for that determination, or that he is competent, but include any mitigating evidence that his attorney of record could present at the sentencing hearing. As the Government states, Dr. Atkins' conclusion is that Mr. Thandi is not competent.

Mr. Thandi's former and current attorneys also advised the United States

Probation Office of Mr. Thandi's poor physical and mental health. Mr. Thandi's former attorney of record advised the probation officer on September 9, 2025, that Mr. Thandi suffers "significant health and mobility issues" (email from Timothy Crudo, Esq., to Cindy Suntay, U.S. Probation Ofc. (Sep. 9, 2025) (on file with Mr. Thandi's attorney of record)); and that the defense team would "need more time to prepare Mr. Thandi [for the presentence investigation interview] given his health and language issues" (*id.*). Mr. Thandi's former attorney of record again advised the probation officer on October 7, 2025, that "[t]here are significant issues with [Mr. Thandi's] health (he suffered a series of strokes two years ago, uses oxygen and a wheelchair, and lives in an assisted living facility), including *indications of dementia*." Email from Timothy Crudo, Esq., to Cindy Suntay, U.S. Probation Ofc. (Oct. 5, 2026) (on file with Mr. Thandi's attorney of record) (emphasis added). Furthermore, Mr. Thandi's attorney of record reiterated Mr. Thandi's aforementioned health conditions to the probation officer—although the interview happened before Dr. Atkins' evaluation of Mr. Thandi—thereby obtaining her permission for Mr. Thandi's sons to be present at the presentence investigation interview to assist his recollection of basic biographical information. Mr. Thandi and his sons attended the interview by way of videoconference from the assisted-living home where Mr. Thandi resides. Mr. Thandi describes the details of his attorneys' statements to the probation officer regarding his physical and mental health only in response to the Government's implication that Mr. Thandi's asserted incompetency is a surprise to both the Government and the United States Probation Office.

Mr. Thandi submits, regardless of the Government's implications about his motive and timing related to the competency issue, that Dr. Atkins' determination that Mr. Thandi is incompetent establishes the "reasonable cause" (*see* 18 U.S.C. § 4241(a)) necessary for this Court to conduct proceedings to determine Mr. Thandi's competency, and to abate any further proceedings in this case concerning Mr. Thandi that are unrelated to the issue of competency until this Court resolves that issue.

"Pursuant to 18 U.S.C. § 4241, a district court *must* grant a defendant's motion

to hold a competency hearing" if "reasonable cause" is established. *United States v. Telles*, 18 F.4th 290, 299 (9th Cir. 2021) (citing 18 U.S.C. § 4241(a)) (emphasis added). "A defendant that 'lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial.'" *United States v. Garza*, 751 F.3d 1130, 1134 (9th Cir. 2014) (quoting *Drope v. Missouri*, 420 U.S. 162, 171–72 (1975)). "[T]he failure to observe procedures adequate to protect a defendant's right not to be tried or convicted while incompetent to stand trial deprives him of his due process right to a fair trial." *Garza*, 751 F.3d at 1134 (quoting *Drope*, 420 U.S. at 172) (internal citation omitted). "And the competency right does not end at a conviction." *United States v. Duncan*, 643 F.3d 1242, 1248 (9th Cir. 2011).

The Ninth Circuit recognizes that

> [t]he "reasonable cause" standard set out in § 4241(a) tracks the standard for deciding the need for a competency hearing that we have used in our cases. *See de Kaplany v. Enomoto*, 540 F.2d 975, 981 (9th Cir.1976) (*en banc*) (holding that, at any time "there is any evidence which, assuming its truth, raises a reasonable doubt about the defendant's competenc[e]," the trial court "*sua sponte* must order an evidentiary hearing on the competency issue"). At times, we have formulated our standard in slightly different terms, holding that a competency hearing should take place "at any time that there is 'substantial evidence' that the defendant may be mentally incompetent to stand trial." *Moore v. United States*, 464 F.2d 663, 666 (9th Cir.1972) (*per curiam*). But both of our formulations lead to the same bottom line. As we explained in *Moore*, "[e]vidence is 'substantial' if it raises a reasonable doubt about the defendant's competenc[e] to stand trial." *Id*. Accordingly, the test, whether taken from § 4241(a) or our cases, is the same.

*Duncan*, 643 F.3d at n.2.

Courts focus their inquiries on a defendant's mental capacity itself, not the motive or timing related to the competency issue. "[A] defendant must have 'a *rational* as well as *factual* understanding of the proceedings against him' and 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding.'" *United States v. Duncan*, 643 F.3d at 1248 (quoting *Indiana v. Edwards*, 554 U.S. 164, 170 (2008)) (emphases added). "If a defendant fails to satisfy either of those requirements, then the proceedings against him *may go no further*." *Id*. (emphasis added).

This Court does not now determine whether Mr. Thandi is incompetent; it determines only whether there is reasonable cause to trigger the statutorily-prescribed hearing. "One item of evidence, such as a psychiatric report, might be so probative of incompetence that its presence alone requires a hearing." *See Chavez v. United States*, 656 F.2d 512, 517–518 (9th Cir. 1981).

Dr. Atkins' evaluation does far more than merely diagnose a cognitive impairment—it concludes that Mr. Thandi was not competent at the time of his change-of-plea hearing and that he is not competent now, based on the nexus between Mr. Thandi's mental issues and his inability to understand the proceedings or to assist his attorney of record. That evaluation specifically addresses Mr. Thandi's cognitive impairments that prevent his meaningful participation in legal proceedings.

The circumstances in this case compare favorably with *Chavez* and *Duncan*. In *Chavez*, although there were additional indications of incompetency, "two psychiatric reports" were before the court when it accepted the defendant's plea of guilty, but "neither address[ed] the issue of competence to plead guilty, one indicating 'adequate judgment,' the other indicating poor insight and judgment." 656 F.2d at 519. Nonetheless, the court found that "they created a doubt as to Chavez's ability to make a reasoned choice" and "were, therefore, sufficient to require an evidentiary hearing . . . ." *Id*. Similarly, in Duncan, standby counsel produced reports from experts (scans of the defendant's brain). 643 F.3d at 1249. Standby counsel's experts opined that the defendant's mental impairments rendered him incapable of rationally understanding and participating in the proceedings. 643 F.3d 1249–1250. The court appointed two of its own experts who disagreed. *Id.* The court, based on the court-appointed experts' opinions, found no reasonable cause for a full competency hearing. *Id.* However, the Ninth Circuit reversed the court, finding that the evidentiary conflict itself constituted reasonable cause and required a full competency hearing. *Id.* at 1250.

//

## III. Conclusion

Mr. Thandi, based on the foregoing assertions and argument, prays that this Court:

(1) vacate the sentencing hearing that is scheduled for November 6, 2026;

(2) order that Mr. Thandi may file the aforementioned psychological evaluation under seal for this Court's review;

(3) order that Mr. Thandi provide the Government and the United States Probation Office the medical records on which Dr. Atkins' bases his opinion (and any other medical records that the Government or its expert deems necessary to review);

(4) set a deadline for the Government to retain an expert;

(5) order that Mr. Thandi be available to the Government's expert for a psychological evaluation at a reasonable time and place;

(6) set an expedited briefing schedule regarding the competency issue upon the Government's expert's completing the psychological evaluation; and

(7) abate any further proceedings in this case related to Mr. Thandi until this Court determines whether Mr. Thandi is competent.

Date: October 21, 2026

Respectfully submitted,

***s/Joshua Sabert Lowther***
Joshua Sabert Lowther, Esq.